IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | 8:14CV298 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPT. OF HEALTH & HUMAN SVS., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Cornelius Brown ("Brown") filed his Complaint (Filing No. 1) in this matter on September 30, 2014. This court has given Brown leave to proceed in forma pauperis. The court now conducts an initial review of Brown's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Brown, a black male, is confined to inpatient treatment at the Norfolk Regional Center ("NRC") in Norfolk, Nebraska. He named as Defendants five individuals employed at the NRC including TiLinn Bouer, Chris Simmons, John Kroll, Lori Strong, and Dianna Mastny. (Filing No. 1 at CM/ECF pp. 3-4.) He also named the Nebraska Department of Health and Human Services ("NDHHS") and a fellow inpatient (hereinafter referred to as "M.P.") as Defendants. (*Id.*)

On June 28, 2014, another patient at the NRC used racially derogatory language in Brown's presence and Strong failed to "offer any redirection to the patient." (*Id.* at CM/ECF p. 2.) On June 30, 2014, two patients used racially derogatory language in Brown's presence and Mastny failed to redirect the patients. In addition, Mastny advised Brown that he needed "to learn to get over it." (*Id.*) On July 21, 2014, M.P. used racially derogatory language *toward* Brown, and Brown

responded by saying "f--k you motherf---er." (*Id.*) Following the incident on July 21, Brown was immediately disciplined. Brown did not specify how he was disciplined or whether any of the named Defendants were involved in disciplining him.

Brown generally alleged in the Complaint that Kroll and Simmons were responsible for failing to address patients' racially derogatory language. However, Brown did not offer any specific allegations with respect to his claims against Kroll and Simmons. (*Id.* at CM/ECF p. 3.)

Brown grieved the above incidents to Bouer, who is the "facility operating officer" at the NRC. She did not address his concerns. (*Id.* at CM/ECF pp. 2-3.) Brown separately alleged that he complained to NDHHS about the lack of programming at the NRC to "contribute to the African American culture," and NDHHS officials did not respond to his complaints. (*Id.* at CM/ECF pp. 4-5.)

Brown filed two Supplements (Filing Nos. 14 and 15) to his Complaint on November 4 and December 2, 2014. Brown alleged in these pleadings that, upon learning of his Complaint in this matter, Strong and Mastny retaliated against him by taking steps to ensure that he could not advance in his sex offender treatment program.

As relief in this matter, Brown seeks money damages and also asks to be moved out of the NRC. (*Id.* at CM/ECF pp. 3-5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

**A.  Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir.

3

1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Brown has sued state employees and has requested monetary relief. Brown did not specify the capacity in which Defendants were to be sued. Thus, the court will assume the state-official Defendants have been sued in their official capacities only. Brown's claims for monetary relief against Defendants in their official capacities are barred by the Eleventh Amendment.

**B.     Failure to Redirect Patients**

Brown alleged Strong, Mastny, Simmons, and Kroll failed to "redirect" patients who used racially offensive language. (Filing No. 1 at CM/ECF pp. 1-2.) These allegations do not state a constitutional claim upon which relief may be granted.

The state, and its officials, have a duty imposed by the Substantive Due Process Clause of the Fourteenth Amendment to provide a "reasonably safe environment" for individuals involuntarily confined in a state mental health facility. *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006) (quoting *Beck v. Wilson*, 377 F.3d 884, 890 (8th Cir. 2004). "To recover under § 1983 for a breach of that constitutional duty, a plaintiff must prove that a state official either intentionally violated the duty (such as criminal assault by a staff member) or was deliberately indifferent to a known excessive risk to patient safety (such as assault by another patient)." *Id.*

4

Here, Brown's allegations do not support a claim that state officials denied him a reasonably safe environment. While Brown's alleged exposure to racial slurs is unfortunate, name calling and use of offensive language by another patient committed to Brown's facility does not state a claim of constitutional dimension. There are no facts alleged to suggest officials were deliberately indifferent to a known risk to Brown's safety. Accordingly, Brown's claims that Strong, Mastny, Simmons, and Kroll failed to "redirect" patients who used racially derogatory language toward him will be dismissed without prejudice.

### C. Failure to Respond to Grievances and Complaints

Brown alleged that he grieved various matters to Bouer and to NDHHS and they failed to respond to his grievances and complaints. (Filing No. 1 at CM/ECF pp. 2-3, 4-5.) In order to bring suit under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. *See West, 487 U.S. at 48*. Brown's allegations that Bouer and NDHHS merely failed to respond to his correspondence does not state a violation of his constitutional rights. To the extent Brown alleged Bouer's failure to respond was a violation of NRC's grievance procedures, this is also not actionable under § 1983. *See Merryfield v. Jordan, 431 Fed. App'x 743, 749 (10th Cir. 2011)* (holding civilly-committed sex offender lacked any federal constitutional right to an adequate grievance procedure); *see also Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)*; *Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)*. Brown's claims that Bouer and NDHHS failed to respond to his complaints and grievances will be dismissed without prejudice.

### D. Retaliation

Brown alleged that following his filing of the Complaint in this matter, Strong and Mastny retaliated against him by taking steps to ensure that he could not advance in his sex offender treatment program. (Filing No. 15 at CM/ECF pp. 1-2.)

5

> To establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege (1) that it engaged in a protected activity, (2) that the defendants responded with adverse action that would "chill a person of ordinary firmness" from continuing in the activity, and (3) that "the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

*L.L. Nelson Enter., Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 807-08 (8th Cir. 2012).

Brown's allegations suggest Strong and Mastny were aware of Brown's lawsuit in this matter and subsequently took steps to prevent Brown from advancing in his treatment program. These steps included giving Brown "negative scor[es]" that prevented him from "mov[ing] forward in treatment." (*Id.*) Liberally construed, Brown has stated plausible retaliation claims against Strong and Mastny. Accordingly, his retaliation claims may proceed to service of process. The court cautions Brown that this is only a preliminary determination based on the allegations of the Complaint and the supplements to the Complaint. This is not a determination of the merits of his claims or potential defenses thereto.

### E.   Claims Against Fellow Inpatient

Brown named a fellow inpatient as a Defendant in this matter. He alleged M.P. subjected him to "racial discrimination [and] defamation of character" when he used racially derogatory language toward Brown. Brown did not allege this fellow inpatient is a state actor and therefore has not stated a plausible claim against him pursuant to § 1983. Moreover, to the extent Brown seeks to bring a state-law claim for defamation against M.P., his allegations fail to state a claim for relief. *Moats v. Republican Party of Nebraska*, 796 N.W.2d 584, 594 (Neb. 2011) "In the ordinary

6

case, a claim of defamation requires (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."). Thus, the court will dismiss Brown's claims against M.P. without prejudice.

### IV. REQUEST FOR TEMPORARY RESTRAINING ORDER

Brown labeled his second supplementary pleading a "Supplementary Complaint and Temporary Restraining Order." (Filing No. 15.) The court views this document as a supplement to his Complaint rather than as an appropriate action for a temporary restraining order or an injunction.

Even if the document were construed as a motion for a temporary restraining order, the court would deny the motion without prejudice. Brown's summary request for a temporary restraining order seeks a broad order from this Court requiring that he be "moved where [he] can receive [t]he adequate and necessary treatment ordered without the causes for retaliation." (Filing No. 15 at CM/ECF p. 2.) Brown did not address the factors the district court should consider when determining whether to grant a motion for preliminary injunctive relief. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) ("[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."). Moreover, the court has carefully reviewed the record and finds that Plaintiff's allegations in this matter do not entitle him to preliminary injunctive relief. Brown has made no showing that he faces a threat of irreparable harm or that he is likely to succeed on the merits of his claims.

IT IS THEREFORE ORDERED that:

1.     Brown's retaliation claims against Strong and Mastny in their official capacities may proceed to service of process.

2.     All other claims against all other Defendants are dismissed without prejudice to reassertion in an amended complaint.

3.     To obtain service of process on Strong and Mastny, Brown must complete and return the summons forms that the Clerk of the Court will provide. The Clerk of the Court shall send two summons forms and two USM-285 forms to Brown together with a copy of this Memorandum and Order. Brown shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court. In the absence of the forms, service of process cannot occur.

4.     Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with a copy of Brown's Complaint and the two Supplements to the Complaint to the United States Marshal for service of process. The Marshal shall serve the summons and Complaint and Supplements without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the Complaint and Supplements and Brown does not need to do so.

5.     Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Brown is informed for the first time of these requirements, Brown is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

8

6.Brown is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7.The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: April 2, 2015: Check for completion of service of summons.

8.The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

9.Brown's request for a temporary restraining order is denied without prejudice to reassertion.

DATED this 9th day of December, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.