IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | 8:14CV298 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPT. OF HEALTH & HUMAN SVS., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Cornelius Brown's Motions for Reconsideration (Filing Nos. 51 and 53). Brown seeks reconsideration of the court's order denying his request for the appointment of counsel and the court's order dismissing his claims against TiLynne Bouer, Kristine Boe Simmons, John Kroll, Nancy Wragge, and Matthew Pokorney.

With respect to Brown's request for the appointment of counsel, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here.

With respect to Brown's request that this action be allowed to proceed against Bouer, Simmons, Kroll, Wragge, and Pokorney, Brown showed no manifest error in the court's order dismissing these defendants from this case. For the reasons set forth in the court's order dated September 29, 2015, Brown has not stated a claim upon which relief may be granted against any of these defendants. (*See* Filing No. 49.)

IT IS THEREFORE ORDERED that: Brown's Motions for Reconsideration (Filing Nos. 51 and 53) are denied.

DATED this 28th day of October, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.